IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                  Case Nos.:   1:14cr12/MW/GRJ
                                                                  1:15cv188/MW/GRJ

ROMON MANDEL THOMAS
    Reg. No. 20624-017

_____

# REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and supporting memorandum of law.  (Docs. 50, 51.)  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   After a review of the record, the Court concludes that the motion is without merit and that it should be summarily dismissed.

## BACKGROUND

Defendant was charged in a single count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). (Doc. 1).  The indictment listed three prior felony drug convictions.  Defendant entered a plea of guilty before the undersigned on July 15, 2014.  (*See* docs. 20–24, 43.)  The written statement of facts, signed by Defendant, again listed the three prior convictions that had been listed in the indictment.  (Doc. 23 at 3.)  During the plea colloquy, when setting forth the facts in support of the plea, the Government identified the three prior

convictions it had listed in the indictment.  (Doc. 43 at 18–19.)  Upon questioning by the Court, Defendant had no disagreement with the Government's statement of facts and admitted that he was a convicted felon.  (*Id*. at 20.)

The Presentence Investigation Report ("PSR") concluded that Defendant was subject to an enhanced sentence under 18 U.S.C. § 924(e) as an armed career criminal. (Doc. 28, PSR ¶ 24).  The convictions used to support the enhancement were not specifically identified, although the three convictions first identified in the indictment were among the felony drug convictions included in the PSR.  (PSR ¶¶ 30–36.) Defendant had a total offense level of 30, a criminal history category of VI.  The applicable guidelines range of 168 to 210 months became 180 to 210 months due to the application of the statutory mandatory minimum sentence.  (PSR ¶ 83.)

At sentencing, there was no specific discussion with respect to the convictions used to support the application of the ACCA enhancement.  The district judge noted the application of the statutory minimum mandatory, but stated that even absent a minimum mandatory, Defendant's sentence would have been the same.  (Doc. 44 at 21, 32.)

Defendant appealed, and appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). The Eleventh Circuit found no arguable issues of merit and affirmed Defendant's conviction and sentence.  (Doc. 48.)  Defendant timely filed the instant motion to vacate raising a single ground for relief.  Defendant contends that counsel was constitutionally ineffective because he failed to object to Defendant's "erroneously enhanced sentence under 18 U.S.C. § 924(e)(1).  (Doc. 50 at 4.)

## LEGAL ANALYSIS

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a

particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."  Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  See Nyhuis, 211 F.3d at 1344.  In this case, Defendant attempts to excuse the failure to raise this issue on appeal through a claim of ineffective assistance of counsel.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012).  In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; see also Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007).  Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."  Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689).  Counsel's performance must be evaluated with a

high degree of deference and without the distorting effects of hindsight.  Strickland, 466 U.S. at 689.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315.

With regard to the prejudice requirement, Defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  Strickland, 466 U.S. at 694.  "The likelihood of a different result must be substantial, not just conceivable."  Harrington v. Richter, 562 U.S. 86, 112 (2011) (quoting Strickland).  In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  Glover v. United States, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  Id. at 203.

Counsel is not ineffective for failing to preserve or argue a meritless claim. Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Sneed v. Florida Dep't of Corrections, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel); Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues

clearly lacking in merit); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

### ***Defendant's Ineffective Assistance of Counsel Claim***

Defendant's only claim for relief is that his attorney was constitutionally ineffective for failing to object to the allegedly improper sentence enhancement under ACCA. Defendant asserts in his memorandum that because the PSR did not specify which of his prior convictions it relied upon for the ACCA enhancement, because the Government failed to present any evidence to prove the three predicate offenses under ACCA, and because the sentencing court failed to determine which of the three prior convictions qualified as a serious drug offense under ACCA, the record was insufficient

to support his enhanced sentence. (Doc. 51 at 2–3.) Thus, Defendant maintains, counsel was constitutionally ineffective for failing to object, and Defendant suffered prejudice because he improperly received an enhanced sentence.

    Defendant's claim fails on both prongs of Strickland. As noted above, the three predicate drug offenses that supported the application of ACCA were identified in the indictment, were identified in the statement of facts signed by Defendant, and were discussed during the plea colloquy. Any error in the failure to specifically re-identify the three convictions at sentencing was harmless. Defendant's suggestion that the Government failed to "prove" the offenses, in light of his admission that he was convicted of these three drug crimes is disingenuous. He has offered no evidence to suggest that any of his prior convictions, including those used to support the enhancement, were either invalid convictions or improper ACCA predicates. Therefore, had counsel brought the purported "omission" to the attention of the court at sentencing, it could have been easily corrected by proper presentation of proof. Because Defendant already had admitted the three convictions, counsel was not constitutionally ineffective for his failure to raise this issue, and Defendant cannot show prejudice.

    Furthermore, Defendant cannot demonstrate prejudice because the district judge explicitly stated at sentencing that even if there was no applicable minimum mandatory, the district judge would have imposed a 180 month sentence for Defendant "in light of his history and the aggravating factors in this case." (Doc. 44 at 21, 32.) Therefore,

regardless of any objection lodged by counsel, Defendant's sentence would have been the same.[1]

Defendant is not entitled to relief, and his motion should be summarily denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

---

[1]The undersigned notes that the statutory mandatory minimum sentence imposed by the district court was within the applicable guidelines range, calculated using the ACCA enhancement. However, if one of his priors was not a valid predicate, Defendant would not have been subject to the Chapter Four Enhancement. In that case, his Total Offense Level would have been 23, which, with a criminal history category of VI, which would yield an advisory guidelines range of 92–115 months, and could possibly have affected the court's determination of an appropriate sentence. However, because Defendant has offered nothing to suggest that any of his convictions was improperly counted as an ACCA predicate, or that one or more of his convictions should not have been assessed criminal history points, recalculation of the advisory guidelines range is little more than an intellectual exercise.

Case Nos.: 1:14cr12/MW/GRJ; 1:15cv188/MW/GRJ

Case 1:14-cr-00012-MW-GRJ   Document 53   Filed 09/01/15   Page 10 of 10

Page 10 of 10

issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (Doc. 50) should be summarily **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 1st day of September, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:14cr12/MW/GRJ; 1:15cv188/MW/GRJ