IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                   Case Nos.:     1:14cr12/MW/GRJ
                                                                            1:17cv74/MW/GRJ

ROMON MANDEL THOMAS,

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody." (ECF No. 73.) The Government has filed a response (ECF No. 75) and Petitioner has filed a reply. (ECF No. 76.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, the court concludes that Petitioner's § 2255 motion should be denied without a hearing. *See* Rules 8(a) and (b) Governing Section 2255 Cases.

## BACKGROUND

Petitioner was charged in a single count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). (ECF No. 1.) The indictment listed numerous prior felony drug convictions. Although the convictions were identified as occurring on three dates, the underlying offense conduct involved seven separately charged cases. (*See* ECF No. 28, PSR ¶¶ 30-36.)

Petitioner entered a plea of guilty before the undersigned on July 15, 2014. (*See* ECF Nos. 20–24, 43.) The written statement of facts, which Petitioner signed, again listed the prior convictions that had been enumerated in the indictment. (ECF No. 23 at 3.) During the plea colloquy, when setting forth the facts in support of the plea, the Government also enumerated the same prior convictions. (ECF No. 43 at 18–19.) Upon questioning by the court, Petitioner did not disagree with the Government's statement of facts and admitted that he was a convicted felon. (*Id.* at 20.)

The Presentence Investigation Report ("PSR") concluded that Petitioner was subject to an enhanced sentence under 18 U.S.C. § 924(e)

as an armed career criminal. (ECF No. 28, PSR ¶ 24.) The convictions used to support the enhancement were not specifically identified, although the convictions first identified in the indictment were the felony drug convictions included in the PSR. (ECF No. 28, PSR ¶¶ 30–36.) The probation officer calculated that Petitioner had a total offense level of 30, and a criminal history category of VI. The applicable guidelines range of 168 to 210 months became 180 to 210 months due to the application of the statutory mandatory minimum sentence. (ECF No. 28, PSR ¶ 83.)

At sentencing, neither the parties nor the court identified the convictions used to support the application of the ACCA enhancement. The district court noted the application of the statutory minimum mandatory, but stated that even absent a minimum mandatory, Petitioner's 180 month sentence would have been the same. (ECF No. 44 at 21, 32.)

Petitioner appealed, and appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Eleventh Circuit found no arguable issues of merit and affirmed Petitioner's conviction and sentence. (ECF No. 48.) Petitioner timely filed an initial motion to vacate, contending that counsel was constitutionally ineffective because he failed to object to

his "erroneously enhanced sentence under 18 U.S.C. § 924(e)(1)." (ECF No. 50 at 4.) The district court denied the motion, as well as Petitioner's motion for reconsideration. (*See* ECF Nos. 53-58.) On May 4, 2016, the Eleventh Circuit denied Petitioner's motion for a certificate of appealability. (ECF No. 69.)

On July 8, 2016, the Eleventh Circuit granted Petitioner's application to file a second or successive § 2255 motion. (ECF No. 70.) Petitioner filed his successive motion in March of 2017, and amended this motion pursuant to court order in April of 2017. (ECF Nos. 71-73.) The Government opposes the motion, arguing that it is successive and without merit. (ECF No. 75.)

## ANALYSIS

Under the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as

the elements clause] or (ii) is burglary, arson, or extortion, involves the use of explosives [known as the enumerated offenses clause] or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the residual clause]." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). In *Johnson v. United States*, the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. 2551, 2563 (2015). Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.

Petitioner obtained leave to file a second or successive § 2255 motion based on his allegation that his prior conviction of fleeing and eluding was not a proper ACCA predicate, and without this conviction he does not have the three necessary prior convictions to support the ACCA enhancement. (ECF No. 70.) This is the lone claim raised in his § 2255 motion.

The Government argues that Petitioner had nine (9) prior qualifying state drug convictions, such that the fleeing and eluding conviction is irrelevant to the ACCA determination. Because it relied primarily on the

mistaken premise that Petitioner had not obtained leave to file a second or successive motion, it offered no additional argument.

As discussed above, serious drug offenses are also ACCA predicates. 18 U.S.C. § 924(e)(1). A serious drug offense includes both offenses under the federal Controlled Substances Act, and offenses under State law which involve manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance, for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 924(e)(2)

Petitioner's PSR lists the following drug convictions, all of which are state of Florida convictions unless otherwise noted:

1. Possession of Cannabis with Intent to Sell within 200 feet of Public Housing (PSR ¶ 30);
2. Possession of Cocaine with Intent to Sell within 200 feet of Public Housing (PSR ¶ 31);
3. Sale of Cocaine and Possession of Cocaine (PSR ¶ 32);
4. Sale of Cocaine within 1000 feet of a Park; Conspiracy to sell Cocaine within 1000 feet of a Park; Possession of Cocaine; Sale of MDMA within 1000 feet of a Park; Possession of MDMA (PSR ¶ 33);
5. Trafficking in Cocaine; Possession of Paraphernalia for Storage (PSR ¶ 34);
6. Trafficking in MDMA; Possession of Paraphernalia for Storage (PSR ¶ 35); and

     7. Conspiracy to Distribute and Possess with Intent to Distribute Methlenedioxymethamine (PSR ¶ 36; federal conviction).

Florida law proscribes the sale, manufacture, delivery or possession with intent to sell, manufacture or delivery of a controlled substance. Fla. Stat. § 893.13(1). Violations of this statute which involve cocaine are felonies of the second degree. Fla. Stat. §§ 893.13(1)(a)1; 893.03(2)(a)4. Such felonies are punishable by a term of imprisonment not to exceed 15 years. Fla. Stat. § 785.082(1)(d). Therefore, these convictions qualify as serious drug offenses under the ACCA. 18 U.S.C. § 924(e)(2)(A)(ii); *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014).

In Florida, sale of cocaine within 1,000 feet of a park is a felony of the first degree, which is punishable by a term of imprisonment not to exceed 30 years. Fla. Stat. §§ 893.13(1)(c)1; 893.03(2)(a)4; 785.082(1)(b)1. Therefore, this conviction is also a serious drug offense under the ACCA. 18 U.S.C. § 924(e)(2)(A)(ii).

Petitioner's federal conviction arose under 21 U.S.C. §§ 841(a) and 841(b)(1)(C). (*See* Case No. 1:05cr31/MW/GRJ, ECF No. 150.) The latter provision provides for a sentence not to exceed twenty years. Therefore, this conviction also qualifies as an ACCA predicate.

Case Nos.: 1:14cr12/MW/GRJ; 1:17cv74/MW/GRJ

In sum, irrespective of the court's consideration of Petitioner's conviction for fleeing and eluding, he had sufficient controlled substance convictions to support the application of the ACCA enhancement.

## Conclusion

For all of the foregoing reasons, the court finds that the new retroactive rule of constitutional law set forth in *Johnson* does not afford Petitioner any relief.   Despite the lack of specific record evidence explaining which prior convictions formed the basis for the application of the ACCA enhancement, Petitioner's ACCA enhancement was and remains proper.   The amended § 2255 motion should be denied without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be

filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 73) should be **DENIED**.

2.   A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 18th day of September, 2017.

/Gary R. Jones
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 1:14cr12/MW/GRJ; 1:17cv74/MW/GRJ